THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BALLARD CANAL CO., INC.,

    Plaintiff,

v.

THE ACANIA, OFFICIAL NO. 228508, *et al.*,

    Defendants.

NO. 08-1026 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff's motion for partial summary judgment (Dkt. # 13). Neither party has requested oral argument, and the court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence. For the reasons explained below, the court GRANTS the motion.

## II. BACKGROUND

Plaintiff Ballard Canal Co., Inc., is a Washington corporation that owns and operates a marina, Ballard Mill Marina ("Marina"). Since January 2003, Defendant yacht ACANIA has been moored at the Marina pursuant to a written moorage agreement (the "Agreement"). During all times relevant to this case, Defendant

ORDER - 1

Norman Volotin was the sole owner of Defendant Acania Research, Inc. ("Acania Research"), which owns the ACANIA.

The Agreement specifies fees to be paid to the Marina in exchange for moorage and services. Neither Volotin nor Acania Research paid the fees owed to the Marina for moorage and services, however. They admit that they are indebted to the Marina under the Agreement. *See* Answer (Dkt. # 5) ¶ 5.3 (Acania Research's answer); Answer (Dkt. # 8) ¶ 5.3 (Vlotin's answer).

The Marina contends that under the Agreement the Defendants owe $30,460.60, as of October 1, 2008. Moorage fees continue to accrue at $928 per month, plus electrical service and other utilities used by the ACANIA, late fees of 10 percent of all monthly charges not paid when due, plus 1.5 percent interest per month on all amounts due. The Agreement also provides that in any action to collect money due under the Agreement, the owner of the vessel agrees to pay a reasonable amount for the Marina's expenses and attorney fees. *See* Pltf.'s Mot. (Dkt. # 13), Ex. A ¶ 5.

The Marina filed this lawsuit against the ACANIA, Acania Research, and Volotin. It has moved for partial summary judgment against Acania Research and Volotin for the amounts due under the Agreement, and for a determination that the Marina holds a valid maritime lien against the ACANIA. None of the Defendants responded to the Marina's motion.

### III. ANALYSIS

**A. Standard of Review on Summary Judgment.**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine

ORDER - 2

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets that initial burden, the opposing party must then set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

**B.   Because There Are No Disputed Issues of Material Fact, and Plaintiff has Shown It is Entitled to Judgment as a Matter of Law, the Court Grants Plaintiff's Motion.**

According to the Marina, both Acania Research and Volotin are liable for the amount due under the Agreement because Volotin signed the Agreement as "the Owner" using only his own name, and identified both himself and Acania Research as the "Owners" of the ACANIA. *See* Pltf.'s Mot., Ex. A. Acania Research admits that it is indebted to the Marina under the Agreement. *See* Answer (Dkt. # 5) ¶ 5.3. Volotin also admits that Acania Research is indebted to the Marina under the Agreement, but denies that he owes any money personally or that he is a party to the Agreement. *See* Answer (Dkt. # 8) ¶ 5.3.

Volotin's position is not supported by the facts or relevant case law. It is plain from the face of the Agreement that Volotin signed the contract in his personal capacity; he did not include any descriptors that would suggest he was signing on behalf of Acania Research or any other entity. "'It is too well settled to need any reference to authorities to show than an agent may by the form of the promise and manner of his signature fix upon himself a personal liability.' . . . If it is desired to escape personal liability in the contract of an agent or other representative, the intention so to do must be expressed in clear and explicit language; otherwise, a personal obligation arises." *Gavazza v. Plummer*, 53 Wn. 14, 15 (1909) (quoting *Haverhill Mut. Fire Ins. Co. v. Newhall*, 1 Allen (Mass.) 130 (1861)). Thus, the Marina is entitled to judgment against Acania Research and Volotin.

ORDER - 3

The Marina is also entitled to a maritime lien against the ACANIA. Under 46 U.S.C. § 31342, "[A] person provided providing necessaries to a vessel on the order of the owner or a person authorized by the owner — (1) has a maritime lien on the vessel[.]" *See Pat's Marine Engines, Inc. v. Stream Line, Inc.*, 2006 WL 925132 (April 7, 2006) (considering moorage a "necessary" for purposes of 42 U.S.C. § 31342). The Defendants do not dispute that moorage is a "necessary" within the meaning of 46 U.S.C. § 31342, and admit that the Marina has a lien for the unpaid moorage. *See* Answer (Dkt. # 5) ¶ 6; Answer (Dkt. # 8) ¶ 6.

## IV. CONCLUSION

For the reasons explained above, the Defendant's motion (Dkt. # 8) is GRANTED. The court orders as follows:

1. The Plaintiff is entitled to judgment against Defendants Volotin and Acania Research in the following amounts:

    a. $30,460.60.

    b. Continuing moorage fees accruing at the rate of $928.00 per month, in advance, as of the first day of each month after October 1, 2008, plus charges for electrical service and utilities used by the ACANIA from October 1, 2008, late fees in the amount of 10% of all monthly charges not paid when due, continuing so long as the vessel continues at its present berth, and/or until the vessel ACANIA is sold by the U.S. Marshal in this proceeding and the sale is confirmed, whichever occurs earlier.

c. Interest on all amounts due at the rate of 1.5% per month, commencing as of October 1, 2008 and continuing until such time as the Judgment is fully satisfied.

d. Costs incurred by Plaintiff in prosecuting this action in amount to be determined by later motion filed by Plaintiff's counsel.

e. Reasonable attorney's fees incurred by Plaintiff in prosecuting this action in amount to be determined by later motion filed by Plaintiff's counsel.

2. The Plaintiff is the holder of a valid maritime lien against the ACANIA, Official Number 228508, in the amount of the sum of subparagraphs 1(a)-(d) above.

DATED this 3rd day of February, 2009.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge